**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BRAULIO LUEVANO-SANCHEZ,

    Petitioner,

v.                                              No. CV 11-669  WJ/CG
                                                            CR 09-2261WJ

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    **THIS MATTER** is before the Court on Petitioner Braulio Luevano-Sanchez' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (Doc. 1), and the *United States' Response to a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.* (Doc. 4). Petitioner did not file a reply to Respondent's response. Petitioner presents various claims, including that the charging indictment was legally insufficient, that his plea was unknowing and involuntary, and that he received ineffective assistance of counsel. (Doc. 1 at 1-4). Respondent claims that the petition is both time-barred and procedurally barred since Petitioner failed to appeal his conviction or file the instant petition in a timely fashion. The Court, having considered the parties' filings, the relevant law, and otherwise beinf fully advised in the premises, **RECOMMENDS** that the petition be **DISMISSED WITH PREJUDICE.**

I.      **Background**

Petitioner was arrested in June of 2009 along with two other co-defendants after selling over fifty ounces of cocaine to an undercover federal agent. (*See* CR 09-2262 WJ, Doc. 1 at 2-4). All three defendants were subsequently indicted on one count of possession with intent to distribute over five hundred grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II) and one count of conspiracy to commit the same. (CR 09-2262 WJ, Doc. 18 at 1-2). Petitioner was also charged with one count of reentry of a removed alien in violation of 8 U.S.C. § 1326(a), (b). (*Id.*). In December of 2009, Petitioner entered into a plea agreement with the United States Attorney's Office and he agreed to plead guilty to the single count of reentry of a removed alien. (CR 09-2262 WJ, Doc. 59 at 2; Doc. 60). In return, the United States dismissed counts one and two of the indictment and stipulated that he was entitled to a three level reduction of his base offense level for accepting responsibility. (CR 09-2262 WJ, Doc. 59 at 4, 7-8).

Following his guilty plea, a presentence report was prepared and, when factoring in the three level reduction for acceptance of responsibility, Petitioner's total offense level was 21. (Doc. 4 at 3). Petitioner's criminal history score was 1, resulting in a guideline range of 37-46 months. (*Id.*). Neither Petitioner nor his attorney objected to the presentence report. (*Id.* 4). Petitioner was sentenced before the Honorable United States District Judge William P. Johnson on March 16, 2010, and the judgment was entered on March 17, 2010. (CR 09-2262 WJ, Doc. 70).  Judge Johnson adopted the presentence report findings and he sentenced Petitioner to 37 months in prison, which was the low end of the guideline range. (CR 09-2262 WJ, Doc. 69; Doc. 70 at 2). He was further sentenced to three years unsupervised release. (*Id.* at 3).

Petitioner filed a notice of appeal with the Tenth Circuit on January 18, 2011. (CR 09-2262 WJ, Doc. 77). Petitioner argued that his sentence was unreasonable pursuant to 18 U.S.C. § 3553(a). (*Id.* at 1-3). The Tenth Circuit dismissed the appeal as untimely filed. (CR 09-2262 WJ, Doc. 81). The court noted that, pursuant to FED. R. APP. P. 4(b)(1)(A)(i), a criminal defendant must file a notice of appeal within fourteen days of the judgment being entered. FED. R. APP. P. 4(b)(1)(A)(i). Because the judgment was entered on March 17, 2010, the deadline to file a notice of appeal expired on March 31, 2010. (CR 09-2262 WJ, Doc. 81 at 1). Petitioner's notice of appeal was approximately ten months late, and the Tenth Circuit consequently dismissed the appeal. (*Id.* at 1-2). Petitioner then filed the instant habeas petition on July 28, 2011. (Doc. 1).

## II.   Standards of Review

A petition under 28 U.S.C. § 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Because Petitioner is proceeding *pro se*, the Court will liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519 (1972). This broad reading of a *pro se* litigant's pleadings does not, however, relieve him of the burden of alleging sufficient facts upon which a legal claim may be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III.     Analysis**

The United States argues that the petition must be summarily dismissed because it was untimely filed and because Petitioner's claims are procedurally barred. (Doc. 4 at 3-4). As noted above, Petitioner has not filed any reply to the United States' response. The Court concurs that the petition must be dismissed as untimely.

The timing requirements for submitting a habeas petition under 28 U.S.C. § 2255, while quite stringent, are also straightforward. The statute imposes a one year limitation period. The statute begins to run from the latest of four possible time periods:

> (A) the date on which the judgment became final;
>
> (B) the date on which the impediment to filing an application created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because the final three limitation periods do not appear to apply in this case, the statute of limitations began to run on the date that Petitioner's conviction became final. In the context of a 2255 habeas petition, a judgment becomes final when the time for direct appeal has expired. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (2006) (citing *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005)). While Petitioner did

ultimately file a direct appeal, his appeal was ten months late and it was dismissed for that reason. Petitioner's failed appeal does not change the date upon which the statute of limitations began to accrue. *See, e.g.*, *United States v. Smith*, No. 99-2329, slip op. at 1 (10th Cir. 2000) (unpublished) ("Smith argues the one-year limitations period did not begin to run until this court denied her untimely direct appeal. However, Smith did not pursue her direct appeal within the applicable time limits and her unsuccessful efforts do not toll the statute of limitations.")[1]; *see also United States v. Plascencia*, 537 F.3d 385, 387-89 (5th Cir. 2008) (affirming that a judgment becomes final when the time to file a direct appeal expires and that a late direct appeal does not ordinarily change the accrual date for the 2255(f) limitations period). Were untimely direct appeals sufficient to change the accrual date for filing a 2255 habeas petition, defendants would be able to flout the one year rule at will simply by filing a late appeal, perhaps even one that was years late.

Since Petitioner's right to file a direct appeal expired on March 31, 2010, the one year statute of limitations began to run the next day. Therefore, Petitioner had until April 1, 2011, to file the instant habeas petition. The petition was filed on July 28, 2011, almost four months after the deadline had expired. For that reason, the Court finds the petition to be untimely and should be dismissed with prejudice.

### IV.    Recommendation

Because the Petition is time-barred under 28 U.S.C. § 2255(f)(1), **IT IS HEREBY RECOMMENDED** that Braulio Luevano-Sanchez' *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (Doc. 1), **BE**

---

[1] Unpublished decisions are not binding precedent, but they may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

**DISMISSED WITH PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE