IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


BRAULIO LUEVANO-SANCHEZ,

    Petitioner,

v.                                                     No. CV 11-669  WJ/CG
                                                       CR 09-2261 WJ

UNITED STATES OF AMERICA,

    Respondent.


**ORDER ADOPTING PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the United States Magistrate Judge's *Proposed Findings and Recommended Disposition*, ("PFRD"), filed on September 20, 2011. (Doc. 6). The Magistrate Judge recommended that the Petition be dismissed because it was untimely filed. (*Id.* at 5). Petitioner filed objections to the PFRD. (Doc. 8). The United States did not respond to the objections. This Court has conducted a *de novo* review of the record and the PFRD.

Petitioner argues that timeliness should not bar his request for relief because his original notice of appeal to the Tenth Circuit - which was filed prior to the deadline to file for habeas relief - should have been construed as a timely § 2255 habeas petition. (*Id.* at 2, 4-5). He claims that this Court should have construed his notice of appeal as a habeas petition or, in the alternative, that the Tenth Circuit should have construed the notice as a habeas petition and remanded the matter to this Court. (*Id.*). Petitioner also claims that he failed to file his current petition in a timely manner because he did not discover the factual

basis for one of his habeas claims until sometime after his conviction became final. (*Id.* at 6-7).

### A. <u>Failure to Construe the Notice of Appeal as a Habeas Petition</u>

Contrary to Petitioner's assertion, this Court had no authority to construe Petitioner's notice of appeal as a § 2255 habeas petition. Once Petitioner filed a notice of appeal, this Court was divested of jurisdiction over the case and the Court could take no action with regard to the notice of appeal. *United States v. Madrid*, 633 F.3d 1222 (10th Cir. 2011) ("Typically, the filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests that district court of its control over those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)) (internal quotations marks omitted).[1] Moreover, once a notice of appeal is filed, district courts are cautioned against characterizing any filing by the defendant - much less the notice of appeal itself - as a habeas petition since concerns of judicial economy favor the resolution of a direct appeal prior to the consideration of a habeas petition. *United States v. Cook*, 997 F.2d 1312, 1318-19 (10th Cir. 1993) (noting that an ambiguous motion need not be characterized as a § 2255 habeas petition while a direct appeal is still pending because, "[a]bsent extraordinary circumstances, the orderly administration of justice precludes a district court from considering a § 2255 habeas motion while review of the direct appeal is still pending.)."

Petitioner's claim that the Tenth Circuit should have construed the notice of appeal

---

[1] This general rule is subject to certain narrow exceptions which are not applicable here. *See, e.g.*, *United States v. Meyers*, 95 F.3d 1475, 1489 n. 6 (10th Cir. 1996) (district court may consider a motion for release pending appeal); FED. R. APP. P. 4(b)(5) (district court may consider a motion to correct a sentence under FED. R. CRIM. P. 35(a)).

as a § 2255 habeas petition must also be rejected. It is true that a federal court may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). However, The Tenth Circuit has held that courts should not construe ambiguous *pro se* motions as habeas petitions unless certain preconditions are met. *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).[2] Most relevant for the purposes of this order, the court must expressly find that "notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought." *Id.*[3] In this case, the relief sought in the notice of appeal gave no indication that the notice should have been construed as a habeas petition. The notice identified the proper statute for filing a direct criminal appeal - 18 U.S.C. § 3742. (*See* CR. 09-2261, Doc. 77 at 1). The notice claimed that the sentence imposed by this Court was unreasonable and that this Court failed to consider all of the factors outlined in 18 U.S.C. § 3553(a). (*Id.* at 1-4). These claims are routinely raised on direct appeal. Petitioner did not raise any claims, such as allegations of ineffective assistance of counsel, which are particularly suited to collateral review. *See, e.g., United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not

---

[2] Federal Courts have been wary of construing ambiguous motions as habeas petitions because of the stringent rules prohibiting the filing of successive petitions. *See, e.g.*, *Castro v. United States*, 540 U.S. 375, 382 (2003); *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) ("In a similar vein, we have declined to construe a pro se Rule 32 motion as a § 2255 motion where it was clear the defendant did not intend his motion to be so construed, largely out of concern that a subsequent § 2255 motion would be considered successive.").

[3] The court must also warn the defendant of the potentially adverse consequences of construing the motion as a habeas petition and give the defendant an opportunity to withdraw the motion. *Id.*

on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.").

Even if Petitioner's notice of appeal could have been construed as a § 2255 habeas petition, the Tenth Circuit did not do so and this Court is without the authority to hold that the Tenth Circuit's decision was somehow an abuse of discretion. Nor has Petitioner explained why this decision means that his current Petition should be considered timely. Petitioner still had over a month to file a timely habeas petition after the dismissal of his appeal but he failed to do so. Therefore, this objection is overruled.

### B.     Statutory Tolling

Petitioner claims that his petition should be considered timely because he did not discover the basis for all of his habeas claims until after his conviction became final. (Doc. 8 at 6-7). Specifically, he claims that he instructed his trial attorney to file a direct appeal but did not discover that his attorney failed to do so until some unspecified later time. (*Id.*). While he does not cite to any statutory provisions, his argument implicates the tolling provision of 28 U.S.C. § 2255(f)(4), which provides that the one year limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner has not satisfied the requirements of § 2255(f)(4) because he has not shown any diligent effort on his part to discover whether his attorney had filed a direct appeal or not. He has not alleged on which date he discovered that his attorney failed to file a direct appeal and he has not explained why he did not contact his attorney after trial to determine whether an appeal was being perfected. *See, e.g.*, *United States v. Starr*, 275 F. App'x 788, 789 n. 2 (10th Cir. 2008) (noting that the petitioner "has not provided the

exact date upon which he discovered the evidence, nor attempted to explain why he could not have obtained this information from his family members or former counsel at an earlier date through diligent efforts. Accordingly, we cannot apply the [§ 2255(f)(4)] exception . . ."). This objection is overruled.

**IT IS THEREFORE ORDERED** that the United States Magistrate Judge's *Proposed Findings and Recommended Disposition*, (Doc. 6), is adopted by this Court.

**IT IS FURTHER ORDERED** that Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (Doc. 1), be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED**.

_____
UNITED STATES DISTRICT JUDGE